IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

| | |
|---|---|
| **ALEXANDER ASANOV and**<br>**BIOELECTROSPEC, INC.** | **PLAINTIFFS** |
| **V.** | **CASE NO. 1:07CV28** |
| **GHOLSON, HICKS, NICHOLS, P.A.,**<br>**DEWITT T. HICKS, JR., M. JAY NICHOLS**<br>**and P. NELSON SMITH, JR.** | **DEFENDANTS** |

**ORDER**

This cause comes before the court on the motion of the defendants for an injunction, to dismiss, and to hold the plaintiffs in contempt. The plaintiffs, pro se, have filed an extremely long, unclear complaint seemingly alleging violations of Dr. Asanov's First Amendment right to freedom of speech, violations of the plaintiffs' Fifth Amendment right to privacy, violations of civil aspects of money laundering, criminal conspiracy, and fraud upon the courts, civil conspiracy, falsifications, legal malpractice, intentional interference with research projects, business operation, and private life, damage to careers, damage to the ability to work and earn funds, damage to USA research projects, national security, and technological potential, and belligerent ignorance. These claims arise from the defendants' representation of Plaintiff Asanov's ex-wife and her current husband in a prior proceeding.

While the instant lawsuit was filed on February 12, 2007, the plaintiffs in this matter have filed multiple lawsuits regarding the same issues in multiple jurisdictions. There was an initial suit in the Northern District of Mississippi, three subsequent suits in the Middle District of

Pennsylvania, the instant suit, and there is now a suit pending in the Eastern District of North Carolina.

Litigation unrelated to the current cause of action began in the United States in 2001, when Marina Hayes Hunt filed an action in the Oktibbeha County Chancery Court to enroll and enforce a Russian divorce decree and order for child support. The law firm of Gholson, Hicks, and Nichols, P.A., and the individual defendants became entangled in this dispute in December 2003 when it represented Marina Hunt in a separate action in the Northern District of Mississippi for division of marital assets and an ownership interest in BioElectroSpec. Gholson, Hicks, and Nichols, P.A. has apparently been subjected to suit in various courts on that basis.

After the 2003 lawsuit in the Northern District of Mississippi, Dr. Asanov filed suit against the Hunts in the Middle District of Pennsylvania alleging a conspiracy involving lawyers and judges in Mississippi. Dr. Asanov filed a second suit in the Middle District of Pennsylvania against the Hunts, Dewitt Hicks, Jay Nichols, and the law firm of Gholson, Hicks, and Nichols, P.A. The allegations made in that suit are the same as the allegations in the instant matter. The third lawsuit in the Middle District of Pennsylvania was filed against Judge Davidson and Magistrate Judge Davis, Hicks, Nichols, Gholson, Hicks, and Nichols, P.A., the Hunts, the FBI, the IRS, and the Citizenship and Immigration Services. This lawsuit reasserted the same claims as the previous suits. Dr. Asanov has now filed another suit in the Eastern District of North Carolina against Dewitt Hicks, Jay Nichols, Nelson Smith, the Hunts, Judges Davidson and Mills, and Magistrate Judge Davis. Again the suit reasserts the same claims as the previous lawsuits.

ANALYSIS

While a complaint attacked by at Rule 12(b)(6) motion does not need detailed factual allegations, a plaintiff's obligation to provide the "grounds" of his "entitlement to relief" requires more than labels and conclusions. *Bell Atlantic Corp. v. Twombly*, --- U.S. ---, 127 S.Ct. 1955, 1964-65, --- L.Ed. --- (2007)(internal citations omitted). In order to survive a motion to dismiss, the plaintiff, while not required to provide a heightened fact pleading of specifics, must plead enough facts in the complaint to state a claim for relief that is plausible on its face. *Id.* at 1974. . . . [O]nce a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint. *Id.* at 1969.

The majority of the allegations in the complaint are not viable causes of action. However, to the extent that the plaintiffs allege an actual cause of action with respect to intentional interference with business relations, the plaintiffs have not plead enough facts to state a claim for relief that is plausible on its face. The plaintiffs' complaint alleges generally that the defendants caused them injury as a "direct result of illegal and immoral actions" and that Dr. Asanov and his team of scientists and engineers lost all sources of income for several months. The plaintiffs again allege that Gholson, Hicks, and Nichols, P.A., as well as the individual defendants, acted "fraudulently with extreme incompetence. . . and severely damaged the plaintiffs" by paralyzing research projects and business activities of the plaintiffs. These vague and general claims do not adequately state a claim for relief, and the plaintiffs do not support the allegations by filing a brief in response to the motion. Accordingly, the defendant's motion to dismiss is granted.

In light of the plaintiffs' vexatious abuse of the legal system, this court also chooses to exercise its inherent authority to enjoin the plaintiffs from instituting any further actions in the

Northern District of Mississippi without prior written approval from the court. This manner of control is necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases, and the power to punish for contempts against the court reaches both conduct before the court as well as beyond the court's confines. *Chambers v. NASCO, Inc.*, 501 U.S. 32, 43-44, 111 S. Ct. 2123, 2132, 115 L.Ed.2d 27 (1991). It is blatantly apparent that without restraint on the plaintiffs' conduct they will continue to use litigation as a weapon to harass all persons encountered in the judicial system.

The defendant's motion [21] to dismiss is GRANTED. The plaintiffs' motions [18] for sanctions, to change venue [20], and to abstain from functioning as a tool for criminals [31] are dismissed as MOOT. This case is now closed.

This the 18th day of October, 2007.

                                       **/s/ Michael P. Mills**
                                       **CHIEF JUDGE**
                                       **UNITED STATES DISTRICT COURT**
                                       **NORTHERN DISTRICT OF MISSISSIPPI**